## The People of the State of Illinois, Defendant in Error, v. Western Electric Company, Plaintiff in Error.

### Gen. No. 20,736.    (Not to be reported in full.)

Error to the County Court of Cook county; the Hon. JOHN E. OWENS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed. Opinion filed December 8, 1915.

### Statement of the Case.

Prosecution by the People of the State of Illinois against the Western Electric Company, a corporation, defendant, by which defendant was charged with violation of Hurd's Rev. St., ch. 120, sec. 24 (J. & A. ¶ 9238) in that it failed, refused and neglected to make out and file a statement of its personal property as required by such statute. To reverse a judgment of conviction imposing a fine of one hundred and fifty dollars, defendant prosecutes this writ of error.

HOLT, CUTTING & SIDLEY, for plaintiff in error.

MACLAY HOYNE and HAYDEN N. BELL, for defendant in error; FRANCIS E. HINCKLEY and HENRY A. BERGER, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

### Abstract of the Decision.

1. TAXATION, § 188*—*when Act of 1898 construed as revising assessment procedure.* The Revenue Act of 1898 (J. & A. ¶¶ 9516-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

9576) provides for an entirely new system of assessment, with new modes of procedure and a new system of review, and as to that subject is practically complete in itself, constituting an entire plan for the making of assessments.

2. STATUTES, § 148*—*when revision operates as repeal.* A subsequent statute which revises the whole subject of a former act and is intended as a substitute for it operates as a repeal of the former, although containing no express words of repeal.

3. TAXATION, § 665*—*what effect of Act of 1898 on prior acts.* The provision of Hurd's Rev. St., ch. 120, sec. 24 (J. & A. ¶ 9238), that one failing to file a schedule of his personal property for taxation as therein required shall be guilty of a misdemeanor, is repealed by section 19 of the Act of 1898 (J. & A. ¶ 9534), providing that in such case the assessor shall list the property at its fair cash value and shall add to such list an amount equal to fifty per cent. of its valuation.